United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
David P Kruppenbach
Shirley R Kruppenbach
    Debtors

Case No. 14-12624-elf
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin     Page 1 of 1     Date Rcvd: Jun 07, 2019
                          Form ID: 3180W     Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 09, 2019.
```
db/jdb         +David P Kruppenbach,    Shirley R Kruppenbach,    814 Stone Hill Road,
                 Shoemakersville, PA 19555-9052
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                 Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA 19601
smg            +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
13394944       +Carrington Mortgage Services, LLC,    PO Box 79001,    Phoenix, AZ 85062-9001
13395004       +Mendelsohn and Mendelsohn, P.C.,    637 Walnut Street,    Reading, PA 19601-3524
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 08 2019 03:28:00
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 08 2019 03:28:49     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
```
                                                                                                                                  TOTAL: 2

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2019                                             Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 6, 2019 at the address(es) listed below:
```
          BRENNA HOPE MENDELSOHN    on behalf of Debtor David P Kruppenbach tobykmendelsohn@comcast.net
          BRENNA HOPE MENDELSOHN    on behalf of Joint Debtor Shirley R Kruppenbach
           tobykmendelsohn@comcast.net
          DENISE ELIZABETH CARLON    on behalf of Creditor    Carringon Mortgage Services, LLC
           bkgroup@kmllawgroup.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD    on behalf of Creditor    Carringon Mortgage Services, LLC
           bkgroup@kmllawgroup.com
          LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
          SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,   ecf_frpa@trustee13.com
          THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
```
                                                                                                                                   TOTAL: 10

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **David P Kruppenbach**<br>First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx–xx–6414**<br>EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | **Shirley R Kruppenbach**<br>First Name   Middle Name   Last Name | Social Security number or ITIN  **xxx–xx–8419**<br>EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **14–12624–elf** | | |

# Order of Discharge                                                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

David P Kruppenbach                                         Shirley R Kruppenbach


<u>6/6/19</u>                                                 **By the court:**    <u>Eric L. Frank</u>
                                                                          United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

  ♦ debts that are domestic support obligations;

  ♦ debts for most student loans;

  ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**